IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES L. PATTERSON, | ) | Case No. 4:17 cv 431 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CHARMAINE BRACY, Warden, | ) | |
| | ) | **ORDER DENYING MOTION FOR** |
| Respondent. | ) | **LEAVE TO FILE AMENDED** |
| | ) | **PETITION** |

This matter was referred to the undersigned for the preparation of a Report and Recommendation concerning the February 23, 2017[1] petition for a writ of habeas corpus filed by petitioner, James L. Patterson. On August 30, 2018, Patterson filed a motion for leave to amend his petition.[2] Respondent, Warden Charmaine Bracy, filed a response in opposition on September 13, 2018.[3] Previously, Warden Bracy filed her Answer/Return of Writ on May 5, 2017[4] and Patterson filed his traverse on June 19, 2017.[5]

Patterson's original petition asserted seven grounds for relief:

**GROUND ONE:** Petitioner's right to Due Process was violated when he was not arraigned on his Superseding Indictment.

**Supporting Facts:** When Petitioner Patterson was superseded indicted. He was not arraigned.

---

[1] ECF Doc. 1, using the date the petition was placed in the prison mailing system as the date on which Patterson filed his petition.
[2] ECF Doc. 10.
[3] ECF Doc. 11.
[4] ECF Doc. 6.
[5] ECF Doc. 9, using the date Patterson placed the traverse in the prison mailing system.

**GROUND TWO:** Petitioner's right to Due Process was violated when the Court refused to sever counts # 1 through 4 from 5 through 8 as other acts evidence.

**Supporting Facts:** The evidence relating to each charging set was not admissible as other acts evidence.

**GROUND THREE:** Petitioner's right to Due Process was violated when he was sentenced for a crime he did not commit. Reckless homicide which there was insufficient evidence to convict Petitioner.

**Supporting Facts:** There was no evidence to show that Petitioner Patterson committed the crimes. Tyler Stevens, admitted to this crime in Petitioner Patterson's Trial Transcripts.

**GROUND FOUR:** Petitioner's right to Due Process was violated when he was sentenced for crimes he did not commit, crimes of Corrupting Another with Drug charges on Counts 2 and 3, which was insufficient evidence.

**Supporting Facts:** There was no evidence to show that Petitioner Patterson had committed the crimes. Tyler Stevens admitted in open court and with trial transcripts stating his testimony to this crime.

**GROUND FIVE:** Petitioner's right to Due Process for being sentenced for a crime he was not indicted for (Reckless Homicide).

**Supporting Facts:** Petitioner Patterson was indicted for several crimes in which his indictment did not include Reckless Homicide, which was one of the crimes Patterson was sentenced for.

**GROUND SIX:** Petitioner's right to Due Process was violated when there [*sic*] insufficient evidence to sentence Petitioner to a Trafficking in Heroin (F-2) was incorrect.

**Supporting Facts:** There is no manner in which the evidence presented at trial can be construed to meet the weight of evidence as required by law and statue.

**GROUND SEVEN:** Petitioner's right to Due Process was violated when the Petitioner was denied to dismiss [*sic*] Trial Counsel.

**Supporting Facts:** Petitioner had requested that his Trial Counsel be dismiss [*sic*] before trial, during Voir Dire but was denied his counsel of choice by the Court.

Patterson's motion for leave to amend proposes to add an eighth ground for relief:

**GROUND EIGHT:** Petitioner was denied due process of law when his right against double jeopardy was violated when he was sentenced separately for allied offenses.

> **Supporting Facts:** Petitioner was sentenced for two (2) counts of Corrupting another with Drugs, one count of Trafficking Drugs and a single count or [*sic*] Reckless Homicide directly related to the same, single sale of drugs when the person who bought the drugs administered them to a third individual, when Petitioner was not even at the scene, causing death. The only single act that Petitioner participated in was the sale of the drugs. As there was only one act by Petitioner, he cannot have reasonably or lawfully have been found guilty of three separate offenses. The sentence was violative of the U.S. Constitution's protection against double jeopardy.

Patterson asserts his new ground for relief is cognizable in federal habeas because it raises a challenge founded upon the Double Jeopardy Clause of the U.S. Constitution.[6] And he contends that the issue was exhausted because it was included among the issues raised during his direct appeal.[7] Finally, Patterson asserts that because the issue was addressed in the Ohio courts, it has necessarily been included in the state court record already before the court.

Warden Bracy opposes granting leave to amend on futility grounds, asserting that Patterson's proposed eighth ground for relief is time-barred and raises only a non-cognizable issue dealing with how the Ohio courts interpreted and applied Ohio law.[8] The warden also contends that she would be prejudiced if Patterson were permitted to amend his petition because respondent has already filed an answer and return of writ and would be required to file a supplemental return of writ addressing the new ground for relief.

Fed. R. Civ. P. 15(A) governs motions to amend petitions for habeas corpus. *See* 28 U.S.C. § 2242. Under Rule 15(A) a party may amend his pleading once as a matter of right within 21 days after serving it; or with the opposing party's written consent or the court's leave. Rule 15(A)(2) provides that leave should be freely given when justice so requires. Several factors may be considered in determining whether to permit an amendment: the reasons

---

[6] ECF Doc. 10 at Page ID# 1186.
[7] *Id.*
[8] ECF Doc. 11 at Page ID# 1189-1191. Warden Bracy also asserts that the proposed additional claim would not be deemed timely filed by the relation back doctrine.

3

undue delay in filing; whether there was a lack of notice to the opposing party; whether there was bad faith in the moving party' repeated failure to cure deficiencies by previous amendments; whether there would be undue prejudice to the opposing party; and whether amendment would be futile to correct problems in the original pleading. *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998).

28 U.S.C. § 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits an application for a writ of habeas corpus to be filed within one year from the date on which the challenged state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Patterson was convicted of various offenses following a jury trial, pursued direct appeal in the Ohio Court of Appeals and sought but was denied further review in the Ohio Supreme Court on February 10, 2016.[9] Prior to the Supreme Court's refusal to consider his direct appeal, Patterson sought but was denied leave to reopen his direct appeal, and the Ohio Supreme Court eventually denied Patterson's request for further review of that ruling on June 29, 2016.[10] Patterson did not seek further review in the United States Supreme Court in regard to either his direct appeal or the denial of his application to reopen the direct appeal in the United States Supreme Court. Patterson filed his habeas petition on February 23, 2017.

New claims for relief asserted in amended petitions do not relate back to the original petition when they assert new grounds for relief supported by different facts. *Mayle v. Felix*, 545 U.S. 644, 662, 125 S.Ct. 2562, 162 L.Ed. 2d 582 (2005). As noted by the Supreme Court, "Congress enacted AEDPA to advance the finality of criminal convictions. * * * Given AEDPA's 'finality' and 'federalism' concerns, it would be anomalous to allow relation back

---

[9] ECF Doc. 6-1, Page ID#s 92, 94 195, 331.
[10] ECF Doc. 6-1, Page ID#s 332, 365, 403.

4

under Rule 15(c)(2) based on a broader reading of the words "conduct, transaction, or occurrence," in federal habeas proceedings than in ordinary civil litigation." *Id.* at 662-663 [internal citations omitted.] Here, the additional ground that Patterson wishes to assert involves a new ground for relief requiring the analysis of different factual and legal issue than were raised in his initial petition. Thus, the filing of a new ground would not relate back to his original petition. Thus, even if the court considers only the time elapsed between February 2017 and August 2018 – the time that passed between the filing of Patterson's original petition and the date on which he filed his motion seeking leave to amend, it is clear that Patterson's proposed eighth ground for relief would be ruled time-barred under AEDPA's one-year statute of limitations. Thus, the proposed amendment is futile.

Moreover, it is likely that Patterson's proposed eighth ground for relief would fail on the ground that it raises only a challenge to the Ohio courts' interpretation or application of Ohio's allied offense statute. As such, the claim would be non-cognizable in a federal habeas petition. Further, the claim likely would fail because the now-alleged double jeopardy claim was never fairly presented in state court. An examination of Patterson's appellate brief, the decision of the Ohio Court of Appeals, and Patterson's memorandum in support of jurisdiction in the Ohio Supreme Court on Patterson's direct appeal reveals no mention of any federal double jeopardy issue arising from the manner in which Patterson was sentenced on the Count 1 through 4 charges related to his conduct of April 6, 2012 in Girard, Ohio.[11]

The scales of justice do not weigh in favor of permitting Patterson to amend his petition. The proposed ground for relief is time-barred and the amendment would be futile. Requiring respondent to defend against such a new ground would unnecessarily tax her resources and

---

[11] ECF Doc. 6-1, Page ID# 123, 195.

would not be in the interest of judicial economy. For these reasons, the court hereby DENIES petitioner's motion for leave to file amended petition. (ECF Doc. 11)

    IT IS SO ORDERED.

Dated: January 2, 2019

Thomas M. Parker
United States Magistrate Judge