UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James L. Patterson,                                      Case No. 1:17-cv-431

          Petitioner,

v.                                                       MEMORANDUM OPINION
                                                                               AND ORDER

Tom Schweitzer,[1] Warden,

          Respondent.

## I. INTRODUCTION

Petitioner James Lamar Patterson filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction on charges of reckless homicide, corrupting another with drugs, trafficking in heroin, and tampering with evidence in the Trumbull County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge Thomas M. Parker reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 13). Patterson filed objections to Judge Parker's Report and Recommendation. (Doc. No. 18). For the reasons stated below, I overrule Patterson's objections and adopt Judge Parker's Report and Recommendation.

## II. BACKGROUND

On April 7, 2012, Christine Sheesley died after overdosing on heroin. Sheesley's friends, Tyler Stevens and Alexis Hugel, eventually told police Sheesley bought the heroin from Patterson,

---

[1] Patterson currently is incarcerated at the Madison Correctional Institution in London, Ohio, where Tom Schweitzer is the Warden. *See* Fed. R. Civ. P. 25(d).

who Stevens had called the night before to come to Stevens' apartment so that Sheesley could buy the heroin. *Ohio v. Patterson*, 2015-Ohio-4423, 2015 WL 6447270, *3-4 (Ohio Ct. App. Oct. 26, 2015). Officers with the Girard, Ohio Police Department set up a controlled buy with Patterson through the use of a confidential informant on May 24, 2012. Patterson was arrested immediately after the controlled buy. Officers recovered four bags of narcotics: three containing heroin (0.5 grams, 1.1 grams; and 10.1 grams) and one containing 2.7 grams of cocaine. *Id.* at *5.

In September 2012, Patterson was indicted by a Trumbull County, Ohio grand jury on one count of involuntary manslaughter, two counts of corrupting another with drugs, three counts of trafficking in heroin, one count of possession of cocaine, and one count of tampering with evidence. Counts five, six, and seven included forfeiture specifications related to Patterson's interest in a "vehicle." Patterson was arraigned on these charges on October 29, 2012.

In January 2013, a grand jury returned a superseding indictment, which made two changes to the original indictment: (a) specifying the particular vehicle to be forfeited pursuant to counts five, six, and seven, and (b) amending count six to specify the offense involved at least 10 grams but less than 50 grams of heroin and that the offense was committed in the vicinity of a juvenile. (Doc. No. 6-1 at 12-18). Patterson appeared with retained counsel for a pretrial conference on February 14, 2013, at which he signed a written waiver of his speedy trial right. *Patterson*, 2015 WL 6447270 at *8. The record does not indicate, however, whether Patterson was formally arraigned on the superseding indictment.

On May 16, 2013, "a jury found Patterson not guilty on the Count One Involuntary Manslaughter charge, but guilty of the lesser included offense of Reckless Homicide (in violation of Ohio Rev. Code § 2902.041(A)&(B)); guilty on the Count Two and Three charges of corrupting another with drugs; guilty on the Count Four, Five and Six heroin trafficking charges; not guilty on the Count Seven cocaine possession charge, and guilty on the Count Eight evidence tampering

charge." (Doc. No. 13 at 3). Patterson received an aggregate sentence of 20 years. Patterson then appealed.

The Eleventh District Court of Appeals overruled Patterson's assignments of error but granted the state's cross-assignment of error asserting the trial court erred in merging counts five and six for sentencing. Patterson filed a pro se motion for reconsideration, which the appellate court denied. Patterson appealed the Eleventh District's affirmation of his conviction, but not the denial of his motion for reconsideration, to the Supreme Court of Ohio. Patterson also filed an application to reopen his direct appeal under Ohio Appellate Rule 26(B), which the Eleventh District denied. The Supreme Court of Ohio declined to accept jurisdiction of either Patterson's appeal of his conviction or of his Rule 26(B) motion.

Following remand, the trial court amended the sentences imposed for counts five and six, and sentenced Patterson to serve the same aggregate sentence of twenty years.

Patterson does not object to Judge Parker's description of the factual and procedural background of his state court proceedings. Therefore, I adopt those sections of the Report and Recommendation in full. (Doc. No. 13 at 2-13).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the

magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Patterson presents the following grounds for relief:

> **Ground One**: Petitioner's right to Due Process was violated when he was not arraigned on his Superseding Indictment.
>
> **Ground Two**: Petitioner's right to Due Process was violated when the Court refused to sever counts # 1 through 4 from 5 through 8 as other acts evidence.
>
> **Ground Three:** Petitioner's right to Due Process was violated when he was sentenced for a crime he did not commit[:] Reckless homicide which there was insufficient evidence to convict Petitioner.
>
> **Ground Four:** Petitioner's right to Due Process was violated when he was sentenced for crimes he did not commit, crimes of Corrupting Another with Drug charges on Counts 2 and 3, which was insufficient evidence.
>
> **Ground Five:** Petitioner's right to Due Process for being sentenced for a crime he was not indicted for (Reckless Homicide).
>
> **Ground Six:** Petitioner's right to Due Process was violated when there [was] insufficient evidence to sentence Petitioner to a Trafficking in Heroin (F-2) . . . .

> **Ground Seven:** Petitioner's right to Due Process was violated when the Petitioner was [not allowed] to dismiss Trial Counsel.

(Doc. No. 1 at 5-15).

### A.     GROUND ONE

Judge Parker recommends I conclude Ground One has been procedurally defaulted because Patterson framed this issue as a violation of his rights under state law rather than under federal law or, in the alternative, that it fails on its merits. (Doc. No. 13 at 20-24). Patterson objects, arguing the wording of the issue presented in Ground One was sufficient to allege the denial of a federal constitutional right. (Doc. No. 18 at 3-4). Patterson does not object to Judge Parker's alternate recommendation.

The procedural default rule bars a federal habeas petitioner's claims if: (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules; or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

Even if I were to assume the procedural-default rule did not bar Ground One, I conclude this ground fails on its merits. The Constitution does not require states to follow any particular rule concerning indictments. *See, e.g., Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states . . . [and] that the Constitution does not require any particular state indictment rule."). The Due Process Clause of the Fourteenth Amendment requires only that the defendant receive fair notice of the charges against him and an opportunity to defend against those charges. *See, e.g., id.* (The

Constitution "does not require an indictment at all if sufficient notice of the charges is given in some other manner."); *Jackson v. Virginia*, 443 U.S. 307, 314 (1979) ("[A] person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend.").

On direct appeal, Patterson did not claim he was unaware of the charges against him; instead, he claims, if he had been properly arraigned on the superseding indictment, he would have known he could seek a different attorney. *Patterson*, 2015 WL 6447270 at *7-8. The court of appeals rejected this argument because Patterson already was represented by retained counsel and, therefore, he knew of his right to counsel, and because Patterson was aware of the nature of the charges against him due to his arraignment on the original indictment. *Id.* at *8. Patterson does not assert, much less prove, these conclusions were contrary to or involved an unreasonable application of clearly established federal law. Therefore, I overrule his objection and deny Patterson's first ground for relief.

### B.    GROUND TWO

Judge Parker recommends I conclude Ground Two is procedurally defaulted, because Patterson did not expressly present his severance arguments in state court as a due process violation, or that it fails on the merits, because Patterson fails to show the appellate court's rejection of his claim on appeal was contrary to or involved an unreasonable application of federal law. (Doc. No. 13 at 24-28).

Patterson objects, arguing Ground Two is not procedurally defaulted because his claim "clearly" implicated his federal constitutional rights. (Doc. No. 18 at 4-5). Patterson did not object to Judge Parker's conclusion that Ground Two also fails on its merits.

On appeal, the Eleventh District concluded Patterson was not prejudiced by the joinder of charges arising from the April 6 sale to Sheesley and the May 24 controlled buy because, even if the evidence of one offense would have been inadmissible if the other offense was tried separately, the

evidence establishing each offense was "simple and direct." *Patterson*, 2015 WL 6447270 at *9 (quoting *Ohio v. Lott*, 555 N.E.2d 293 (Ohio 1990) and citing *Ohio v. Torres*, 421 N.E.2d 1288 (Ohio 1981)). In *Torres*, the Supreme Court of Ohio ruled a defendant must provide the trial court with sufficient evidence to affirmatively show joinder of charges would result in prejudice. *Torres*, 421 N.E.2d at 1290-91 (citing *Opper v. United States*, 348 U.S 84, 95 (1954)).

> The court of appeals found:
>
> Patterson's involvement in the controlled buy was firmly established by the testimony of police officers and the passengers in Patterson's vehicle. His involvement in Sheesley's death was established by the testimony of Stevens and Hugel. With respect to Stevens' testimony, there was no possibility of misidentification. Stevens testified that he had known Patterson for several years and deliberately contacted him to obtain heroin on Sheesley's behalf. If Stevens' identification were to be discredited, the jury would have to conclude that he intentionally lied about the source of the heroin. The corroboration of Stevens' testimony by Hugel's identification was much more significant than Patterson's subsequent involvement in the controlled buy. Hugel, unlike Stevens, was not charged in connection with Sheesley's death and so received no consideration for her testimony. Hugel did not use heroin and did not like Stevens. She observed Patterson on two occasions during the night of April 6, during the course of which she spoke with him and he introduced himself as "Fresh." Patterson's involvement in the controlled buy had little corroborative value as to whether Stevens was intentionally lying to implicate Patterson in Sheesley's death.

*Patterson*, 2015 WL 6447270 at *9 (citing *Torres*, 421 N.E.2d at 1291).

The court of appeals concluded Patterson failed to show he was prejudiced by the joint trial of the charges arising from the two separate incidents because the evidence presented regarding each incident was simple, direct, and legally sufficient to sustain his convictions. Without evidence to substantiate his claims of prejudice, Patterson cannot show the joinder of his charges in one trial violated his due process rights. Therefore, he cannot meet his greater burden of showing the appellate court's rejection of his joinder argument was contrary to or involved an unreasonable application of federal law. I overrule his objection.

7

### C.   GROUND THREE

In Ground Three, Patterson asserts there was insufficient evidence to establish guilt beyond a reasonable doubt for reckless homicide and that his resulting conviction is a violation of his due process rights. Judge Parker recommends I conclude the evidence is sufficient to meet the *Jackson v. Virginia* standard and that the appellate court's decision was proper. (Doc. No. 13 at 35).

Patterson's objections rely heavily on the analysis of Judge Thomas Wright, one of the three judges on the Eleventh District panel which heard Patterson's direct appeal. Judge Wright dissented[2] as to the majority's resolution of Patterson's claim that the trial court erred in instructing the jury that it could find Patterson guilty of reckless homicide as a lesser included offense of involuntary manslaughter. Judge Wright argued first that the majority and the trial court "operate[d] under the misconception that reckless homicide is a lesser included offense of involuntary manslaughter when it clearly is not," and second, that there was not sufficient evidence to connect Patterson's actions or omissions to Sheesley's death. *Patterson*, 2015 WL 6447270 at *19, 24.

Judge Wright's first point – and, by extension, Patterson's – raises disputes about the proper interpretation of state law in a jury instruction. Such disputes ordinarily are not cognizable in habeas proceedings, unless the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)); *see also Engle v. Issac*, 456 U.S. 107, 121 n.21 (1982) ("[A] 'mere error of state law' is not a denial of due process.").

I am not persuaded by Patterson's argument that his conviction on reckless homicide was fundamentally unfair because it allegedly was in clear violation of Ohio law. While this area of law

---

[2] Though it is not part of these habeas proceedings, Judge Wright also dissented from the majority's conclusion that the trial court did not err in refusing to merge counts three and four of the superseding indictment for purposes of sentencing. *Patterson*, 2015 WL 6447270 at *19.

8

was unsettled at the time of Patterson's trial (and remains so), the Eleventh District was not the first, nor the last, Ohio appellate court to reach the conclusion that a trial court could appropriately instruct the jury that it might find a defendant charged with involuntary manslaughter guilty of the lesser-included offense of reckless homicide.  *See Ohio v. Hipshire*, 2011-Ohio-3863, 2011 WL 3371496, *3-7 (Ohio Ct. App. 2nd Dist., Aug. 5, 2011) (noting the difference between involuntary manslaughter and reckless homicide is the offender's intent) and *Ohio v. Vogt*, 2018-Ohio-4457, 2018 WL 5780163, *21 (Ohio Ct. App. 4th Dist., Oct. 29, 2018) (stating, while rejecting defendant's assignment of error, that "there are occasions where reckless homicide may fairly be considered a lesser-included offense of involuntary manslaughter").  *See also Ohio v. Evans*, 911 N.E.2d 889, 893 (Ohio 2009) (Once a court concludes an offense is a lesser included offense, the court first must decide whether "the evidence is such that a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense" before instructing the jury on the lesser included offense.).

Even if the instruction was erroneous, Patterson fails to show the trial court's reckless homicide instruction, given at defense counsel's request, "so infused the trial with unfairness as to deny [him] due process of law."  *Estelle*, 502 U.S. at 75.

The second part of Patterson's argument fares no better.  He argues there was insufficient evidence to support his reckless homicide conviction and the resulting conviction violated his due process rights.

Habeas petitioners who seek relief based upon claims related to the sufficiency of the evidence at trial face a very challenging road.  *See Coleman v. Johnson*, 566 U.S. 650 (2012) ("[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'") (quoting *Jackson*, 443 U.S. at 319) (emphasis in original).  This "deferential"

9

standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

If a habeas court concludes no rational trier of fact could have found each essential element from the evidence presented, the court then must determine whether the state court was "objectively unreasonable" in upholding the jury's verdict. *Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010). "[A]n *unreasonable* application of federal law [by the state court in evaluating the jury's verdict] is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphasis in original).

The appellate court concluded there was sufficient evidence to support Patterson's conviction:

> In the present case, the evidence showed that Patterson sold heroin that he knew was being purchased with Sheesley's money and so he could reasonably assume that she would use the heroin. Several hours later, Patterson was contacted by Stevens who was becoming agitated by Sheesley's failure to regain consciousness. Fully aware that the heroin he sold caused her to be in that state, Patterson failed to seek medical attention or have such attention sought on her behalf. The failure to do so resulted in her death from acute pneumonia. Based on the foregoing evidence, there was sufficient evidence to support Patterson's convictions, and those convictions were not against the manifest weight of the evidence.
>
> The dissent would reverse the conviction for Reckless Homicide on the grounds that the State failed to introduce evidence that Sheesley would have survived had medical attention been sought. Such a conclusion, however, could be reasonably inferred from the testimony of Dr. Germaniuk, who described the conditions leading to the onset of acute pneumonia. According to Dr. Germaniuk's testimony, the cause of the pneumonia was the entry of secretions into the lungs resulting from Sheesley's depressed respiratory system. It does not require expert testimony to infer that the longer Sheesley remained in a catatonic state, the greater the likelihood that pneumonia would develop.
>
> The dissent also fails to appreciate that Patterson's conviction for Reckless Homicide does not merely rest on his furnishing the heroin to Sheesley, but his subsequent advice to Stevens and Hugel that Sheesley would be "all right" and needed rest, rather than medical attention. While every incidence of heroin use may "not [be] substantially likely to cause death" . . . the failure to seek medical attention for one

10

> already in a heroin-induced coma is evidence of a substantial and unjustifiable risk that such conduct is likely to, and in this case did, result in death.

*Patterson*, 2015 WL 6447270 at *15-16. The appellate court then concluded Patterson "recklessly cause[d] the death of another . . . when, with heedless indifference to the consequences, [Patterson] disregard[ed] a substantial and unjustifiable risk that [his] conduct [was] likely to cause a certain result or is likely to be of a certain nature." *Id.* at *13 (citations omitted).

Patterson fails to show the appellate court's conclusion was incorrect. Viewing the evidence in the light most favorable to the prosecution, *Jackson*, 443 U.S. at 319, I conclude a rational trier of fact could have found Patterson guilty beyond a reasonable doubt of reckless homicide. Therefore, I overrule Patterson's objections to Judge Parker's recommendation regarding Ground Three.

### D.     GROUND FOUR

In Ground Four, Patterson asserts there was insufficient evidence to sustain his convictions on counts two and three, both of which charged him with corrupting another with drugs in violation of Ohio Revised Code § 2925.02(A)(3) and (4)(a). Judge Parker recommends I conclude there was sufficient evidence presented at trial to permit a rational juror to find Patterson guilty.

Patterson objects, arguing the evidence was insufficient because it showed he did not inject Sheesley with heroin before her death and because the evidence showed he sold the heroin to Stevens, who was an adult, and not Sheesley, who was a juvenile. (Doc. No. 18 at 13-15). Patterson also argues his conviction violated his due process rights because the state courts unreasonably expanded the definition of "furnished" to connect Patterson's sale of the drugs to Sheesley's death. (*Id.* at 15-19).

> The Eleventh District stated that:
>
> [i]n order to convict Patterson of Corrupting Another with Drugs, the State was required to prove, beyond a reasonable doubt, that he "knowingly * * * [b]y any means, administer[ed] or furnish[ed] to another * * * a controlled substance, and thereby cause[d] serious physical harm to the other person"(Count 2), and "[b]y any means * * * [f]urnish[ed] or administer[ed] a controlled substance to a juvenile who is

11

at least two years the offender's junior, when the offender knows the age of the juvenile or is reckless in that regard" (Count 3).

*Patterson*, 2015 WL 6447270 at *14.

Patterson makes much of the definition of "furnished" provided to the jury. *See id.* ("'Furnished,' as defined for the jury, meant 'provided, supplied[,] or gave access to.'"). He argues that the proper definition of "furnished" under Ohio law does not include the clause "gave access to," and that he did not provide or supply the heroin to Sheesley because he sold it to Stevens and Stevens injected Sheesley.

Patterson, however, attempts to turn the *Jackson* standard on its head, framing the evidence in the light most favorable to him, rather than to the state. The Eleventh District noted that Hugel testified Sheesley gave money to Stevens, who then gave it to Patterson for the heroin, and that Stevens testified he told Patterson Sheesley was buying the heroin. *Patterson*, 2015 WL 6447270 at *14. The appellate court then concluded "[a]ccepting either witness' version of events (in a light most favorable to the State), there was sufficient evidence that Patterson knew he was giving Sheesley access to heroin by the sale to or through Stevens." *Id.* Even if the trial court gave the jury the incorrect definition of "furnished" – a "mere error of state law" which does not violate the Due Process Clause, *Engle*, 456 U.S. at 121 n.21 – the evidence at trial was sufficient for a rational juror to conclude Patterson provided or supplied the heroin to Sheesley.

The appellate court's decision was not contrary to, nor did it involve an unreasonable application of, *Jackson v. Virginia*. Therefore, I overrule Patterson's objections as to Ground Four.

### E.   GROUND FIVE

In Ground Five, Patterson asserts his due process rights were violated when he was convicted of an offense for which he was not indicted (reckless homicide). Judge Parker recommends I deny this ground for relief for the same reasons as Ground Three. (Doc. No. 13 at 42). Similarly, Patterson objects for the reasons as he objected to Judge Parker's recommendations

12

as to Ground Three. (Doc. No. 18 at 20). Therefore, for the reasons I stated in my analysis of Ground Three, I overrule Patterson's objections and adopt Judge Parker's recommendations as to Ground Five.

### F. GROUND SIX

In Ground Six, Patterson asserts his due-process rights were violated when he was convicted of trafficking in heroin when there was insufficient evidence to support the jury's verdict. Judge Parker recommends I conclude Patterson has procedurally defaulted this claim because he raised it only in his Rule 26(B) application to reopen his appeal and did not raise it on direct appeal. (Doc. No. 13 at 43). Patterson objects, arguing he should not be penalized for his attorney's failure to raise the due process claim during the direct appeal. (Doc. No. 18 at 20).

A Rule 26(B) application "'cannot function to preserve' the underlying substantive claim" for federal habeas review. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)). While a petitioner may establish cause and prejudice to excuse procedural default by showing his attorney was ineffective, *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986), the court of appeals rejected Patterson's ineffective-assistance-of-appellate-counsel argument. (Doc. No. 6-1 at 295-96). Patterson fails to show the appellate court's conclusion that his attorney's performance was not deficient was contrary to or involved an unreasonable application of clearly established federal law. Therefore, I overrule his objection and adopt Judge Parker's recommendation regarding Ground Six.

### G. GROUND SEVEN

Judge Parker recommends I conclude Ground Seven is barred by the procedural default rule, because Patterson failed to raise this due-process claim on direct appeal and did not raise it until he filed his Rule 26(B) application.

Section 636(b) requires a party which disagrees with the magistrate judge's findings and recommendations to make a specific objection. 28 U.S.C. § 636(b)(1)(C). A petitioner cannot satisfy this requirement by making general objections which fail to specify the issues on which the magistrate judge purportedly erred. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Patterson's objections to Judge Parker's recommendations as to Ground Seven do not satisfy the requirements of § 636(b)(1)(C). He does not identify any specific issues regarding which Judge Parker might have committed an error. Indeed, he does not even mention Ground Seven specifically, offering only the generic objection that "his seven grounds do indeed have merit . . . ." (Doc. No. 18 at 27). By failing to identify the source of any purported error, Patterson fails to fulfill his obligation to make specific objections in order to preserve the issues for review. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, I overrule Patterson's general objection and adopt Judge Parker's recommendation as to Ground Seven of the petition.

### H.   CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Patterson's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## V. CONCLUSION

For the reasons stated above, I overrule Patterson's objections, (Doc. No. 18), to Judge Parker's Report and Recommendation, (Doc. No. 13), and adopt the Report and Recommendation. I conclude Patterson's first, second, third, fourth, and fifth grounds for relief lack merit, and his sixth and seventh grounds for relief are barred by the procedural default rule.

I also conclude Patterson fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge